THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
KAREN SACHS, Defendant-Appellee.

Second District   No. 2—89—0021

Opinion filed March 2, 1990.

James E. Ryan, State's Attorney, of Wheaton (William L. Browers and Marshall M. Stevens, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

John J. Cresto and Anne V. Swanson, both of Schillerstrom & Cresto, Ltd., of Naperville, for appellee.

JUSTICE GEIGER delivered the opinion of the court:
The State appeals from the trial court's dismissal of a criminal

complaint against the defendant, Karen Sachs. The State argues that the court incorrectly found that it lacked jurisdiction over the defendant's criminal prosecution under sections 3—909 and 3—915 of the Illinois Vehicle Code (the Code) (Ill. Rev. Stat. 1987, ch. 95½, pars. 3—909, 3—915). We reverse the judgment and remand the cause.

The defendant was charged by Secretary of State police citation and complaint with violations of sections 3—909 and 3—915 of the Code. She moved to dismiss the complaint, arguing that the charged violation should have been addressed as a Secretary of State's administrative hearing. She also argued that the circuit court had no original jurisdiction over the alleged Code violation. The court granted the defendant's motion, and the State brought this appeal.

This case requires us to address article IX (the article) of chapter three of the Code (Ill. Rev. Stat. 1987, ch. 95½, par. 3—900 et seq.). Generally, the article covers licensing and obligations of "remittance agents" who may accept vehicle tax, license, or registration fees for remittance to the State. The article also covers such agents' obligations for remittance to the State, provides for suspension or revocation of an agent's license, and provides penalties for "violations" of the article. Section 3—913 of the Code also provides for administrative hearings and judicial review under the article. Ill. Rev. Stat. 1987, ch. 95½, par. 3—913.

The complaint against the defendant was based upon section 3—909 of the Code (Ill. Rev. Stat. 1987, ch. 95½, par. 3—909), which addresses an agent's obligations to forward monies to the State. Section 3—915, which is also cited in the defendant's charge, is the article's "violations" section; it provides that violators "of any provision of this Act *** shall be guilty of a Class B misdemeanor." Ill. Rev. Stat. 1987, ch. 95½, par. 3—915.

The State argues on appeal that under the plain language of section 3—915, which provides for a criminal sanction, violators of the article's provisions are subject to criminal prosecution in the circuit court. According to the State, section 3—913's specific provisions for administrative hearings and judicial review (Ill. Rev. Stat. 1987, ch. 95½, par. 3—913), upon which the trial court relied, do not call for administrative hearings on charged violations. Rather, according to the State, section 3—913 applies only to an agent's opportunity for an administrative hearing in connection with a possible license suspension or revocation under section 3—907 (Ill. Rev. Stat. 1987, ch. 95½, par. 3—907).

The defendant asserts that there is no basis to support the State's contention that section 3—913's hearing provision is related merely to

license suspensions or revocations. According to the defendant, section 3—913 reveals that the legislature intended that violations charged under section 3—909 be heard as administrative hearings by the Secretary of State, to the exclusion of original circuit court proceedings. Also, in addressing section 3—915's provision that a violation of the article is a Class B misdemeanor, the defendant asserts that the legislature intended that violations under the article be punished by the maximum $500 fine applicable to Class B misdemeanors.

As both parties agree, in construing the statute at issue we must ascertain and give effect to the legislature's intent (*People v. Haywood* (1987) 118 Ill. 2d 263, 270-71). To do so, we first focus on the section 3—915 provision that violations of the article shall be a Class B misdemeanor. The potential sanctions for a Class B misdemeanor are not only a $500 fine (Ill. Rev. Stat. 1987, ch. 38, par. 1005—9—1(a)(3)), to which the defendant refers, but also six months of imprisonment (Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—3(a)(2)).

We are aware of no basis to conclude, as the defendant does, that although it defined violations of the article as Class B misdemeanors, the legislature intended that potential penalties include only the relevant potential fines, not the relevant potential periods of imprisonment. We find that the plain language of the statute calls for criminal sanctions for violations of the article.

Furthermore, we find that section 3—913's provision for administrative hearings is in no way inconsistent with a legislative intent to punish criminally violations of the article. Section 3—913 provides, *inter alia*, that "[h]earings under this Article shall be governed by [administrative hearing procedures described elsewhere in the Code] and the Administrative Review Law." (Ill. Rev. Stat. 1987, ch. 95½, par. 3—913.) It does not, however, provide that only administrative procedures are available under the article; neither does it enumerate any issue which must be determined by an administrative hearing. We find that the legislature enacted section 3—913 to cover those administrative hearings which may arise under other provisions of the article (see Ill. Rev. Stat. 1987, ch. 95½, pars. 3—906, 3—907), not to exclusively require administrative procedure.

The plain language of the Code provides for criminal penalties for the violation charged against the defendant; it does not mandate administrative testing of charged violations. Because the Code does not mandate an administrative hearing (Ill. Rev. Stat. 1987, ch. 95½, par. 3—913), and because an administrative officer or agency cannot impose the criminal penalties which the legislature clearly prescribed for the instant charged violation (*Ford v. Environmental Protection*

*Agency* (1973), 9 Ill. App. 3d 711, 714-15), we find that the legislature intended that the circuit court have original jurisdiction over the instant charge.

Based on the foregoing, we reverse the judgment of the circuit court of Du Page County. We remand the cause for further proceedings consistent with our decision.

Reversed and remanded.

DUNN and WOODWARD, JJ., concur.